Honorable Bobby Tullis Arkansas House of Representatives P. O. Box 227 Mineral Springs, Arkansas 71851
Dear Representative Tullis:
This letter is in response to your request for an Attorney General's opinion regarding the extent of municipal or city court authority to levy court costs against defendants pursuant to Ark. Stat. Ann. 22-706.4 and 22-706.9, as amended. You have specifically asked the following questions:
 1. Can the five dollar ($5.00) and three dollar ($3.00) court costs levied by a municipal or city court under these statutes be collected only for those offenses that occur within the levying city, or may they be collected on all offenses heard in the municipal or city court regardless of the location of the occurring offense within the county?
 2. May these five dollar ($5.00) and three dollar ($3.00) court costs be levied and collected by the city for all offenses heard in municipal court, even if the citations are issued by county law enforcement officers in the unincorporated part of the county?
In response to your first question, it is my opinion that the court costs may be collected for all offenses which are heard in the particular municipal or city court, regardless of where the offense occurs within the county. Ark. Stat. Ann. 22-706.5 (Supp. 1985) states that the monies collected by the levy of the court cost authorized by 22-706.4 shall be deposited in a city treasury fund which "shall be used solely for reimbursing the county for expenses incurred in incarcerating city prisoners or to reimburse the city for keeping prisoners in the city jail." Act 580 of 1987 amended 22-706.4, to provide that the funds collected under that statute "may be used for any permissible use in the administration of the municipal court including but not limited to salaries and cost of incarceration of defendants." Act 580 also contains a provision that all laws in conflict with that Act are hereby repealed. Therefore, to the extent that 22-706.5 is in conflict with Act 580, the earlier statute would be repealed.
It is clear that the funds collected pursuant to 22-706.4 may be used for any permissible purpose regarding the administration of the municipal court where the cases are heard, and may also be used to reimburse the cost of incarcerating the defendants tried in that court. Nothing would prevent the reimbursement to the county for any expenses it might incur in incarcerating city prisoners. It would appear that as long as the municipal or city court has proper jurisdiction regardless of the location where the criminal offense was committed within the county.
The same may be said for 22-706.9. That section, as amended by Act 853 of 1987, provides that a court cost not to exceed three dollars ($3.00) may be levied. Section 2 of Act 853 states as follows:
 . . . The governing body of the levying municipality and the quorum court of the county in which the municipality is located are hereby authorized to enter into an agreement concerning the portion of such court costs to be retained by the municipality and the portion to be received by the county. Provided, all funds derived from such court costs shall be used by the municipality and the county solely for the administration of justice.
Since both the county and the city may benefit by the levying of this particular court cost, it seems irrelevant whether the criminal offense was committed within the city or somewhere else within the county. As long as the municipal or city court has proper jurisdiction of the case, it may levy the court cost.
Regarding your second question, it is my opinion that the costs authorized by these statutes may be levied by the municipal or city court for all applicable offenses heard in that court, even if the criminal citations were issued by county law enforcement officers in the unincorporated part of the county. Once again, the 1987 amendments to these statutes provides for methods whereby the county, as well as the city, may benefit from the levying of these court costs. As long as the municipal or city court has proper jurisdiction to hear the criminal case, it should be allowed to levy the court costs regardless of whether the criminal citation was issued to the offender by a city or county law enforcement officer.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Jeffrey A. Bell.